Rel: November 15, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

————————————————

### SC-2023-0843

————————————————

**Hudgen LeBlanc and Jodi LeBlanc**

**v.**

**Residence Doctor Home Inspection, LLC, and Terry J. Holder**

**Appeal from St. Clair Circuit Court**
**(CV-20-900079)**

STEWART, Justice.

Hudgen LeBlanc and Jodi LeBlanc appeal from a summary judgment entered by the St. Clair Circuit Court ("the trial court") in favor

of Residence Doctor Home Inspection, LLC ("the inspection company"), and Terry J. Holder, the owner-operator of the inspection company, in an action commenced by the LeBlancs arising from a home inspection Holder performed. For the reasons explained below, we affirm.

<u>Facts and Procedural History</u>

On June 2, 2020, the LeBlancs filed a complaint in the trial court against the inspection company and Holder, seeking damages they alleged had resulted from Holder's pre-purchase home inspection of a home the LeBlancs had purchased in Moody.

In the complaint, the LeBlancs asserted claims of negligence, wantonness, gross negligence, fraudulent/innocent misrepresentation, suppression, and breach of contract against Holder and the inspection company. The LeBlancs alleged that Holder's inspection report did not inform them of any structural issues with the flooring of the home but, rather, informed them only that Holder had found "microbial growth" on the floor joists in the crawl space and that they should hire a mold-remediation specialist to further inspect and remove the microbial growth. The LeBlancs hired a mold-remediation specialist after purchasing the home. The mold-remediation specialist informed them

2

that the home had rotten floor joists in the crawl space, which would cost nearly $40,000 to repair. The LeBlancs alleged that Holder's inspection report neglected to mention rotten and decaying wood floor joists in the crawl space. The LeBlancs alleged that Holder was required to comply with the Alabama Standards and Procedures for Home Inspectors, see Ala. Admin. Code (State Bldg. Comm'n), r. 170-X-25-.01, and that he had breached those standards because he had failed to inform them of structural damage to the home.

The inspection company and Holder denied all claims and subsequently filed a motion for a summary judgment. In the motion, the inspection company and Holder alleged that the LeBlancs had failed to prove that Holder had breached his duty as a home inspector because the LeBlancs had not provided expert testimony regarding the applicable standard of care or Holder's breach of that standard. The inspection company and Holder further alleged that any harm the LeBlancs had suffered was because of the LeBlancs' failure to follow the recommendations in the inspection report to hire specialists (specifically -- electricians, plumbers, HVAC technicians, stone masons, chimney

technicians, and mold-remediation specialists) to reexamine areas throughout the home before finalizing the purchase.

In their opposition to the summary-judgment motion, the LeBlancs argued that their allegations that Holder had breached the Alabama Standards and Procedures for Home Inspectors was enough to preclude the entry of a summary judgment. They alleged that Holder had committed gross negligence, breach of contract, and wantonness by omitting the structural damage from the inspection report.

The trial court entered a summary judgment in favor of the inspection company and Holder on the LeBlancs' negligence and breach-of-contract claims and dismissed the LeBlancs' claims of fraud, suppression, and wantonness with prejudice.[1]  The LeBlancs appealed the summary judgment to this Court.

## Standard of Review

This Court reviews a trial court's summary judgment de novo. Cadence Bank, N.A. v. Robertson, 335 So. 3d 1142, 1145 (Ala. 2021).

## Analysis

---

[1]The parties jointly agreed on the record that the fraud, suppression, and wantonness claims were due to be dismissed with prejudice.

On appeal, the LeBlancs argue that the trial court erred in entering a summary judgment on their negligence and breach-of-contract claims because, they contend, the trial court did not construe the facts in their favor as the nonmovants. They argue that Holder breached the Alabama Standards of Practice for Home Inspectors by not reporting the structural damage to the floor joists.[2] Additionally, the LeBlancs argue that the trial court usurped the role of the jury by entering a summary judgment because, they contend, a breach-of-duty determination is for the jury. The inspection company and Holder argue that the LeBlancs have not establish the standards of care applicable to a home inspector because the LeBlancs failed to provide expert testimony as required by R.L. Reid, Inc. v. Plant, 350 So. 2d 1022 (Ala. 1977), and its progeny.

The LeBlancs claimed that Holder breached the certain provisions of the Alabama Standards of Practice for Home Inspectors, specifically, r. 170-X-25-.01(2)(b) and a portion of r. 170-X-25-.01(3), which requires as follows:

---

[2]In their appellate brief, the LeBlancs' note that "Holder admitted that his inspection and report was to be performed according to [the Alabama] Standards [of Practice for Home Inspectors] and that, therefore, "the breach of said standards … would support [their] breach of contract claim." LeBlancs' brief at 15-16.

5

"(b) The inspector shall:

"1. inspect:

"(i) readily accessible systems and components of homes listed in these Standards of Practice.

"(ii) installed systems and components of homes listed in these Standards of Practice.

"2. report:

"(i) on those systems and components inspected which, in the professional opinion of the inspector, are significantly deficient or are near the end of their service lives.

"(ii) a reason why, if not self-evident, the system or component is significantly deficient or near the end of its service life.

"(iii) the inspector's recommendations to correct or monitor the reported deficiency.

"(iv) on any systems and components designated for inspection in these Standards of Practice which were present at the time of the Home Inspection but were not inspected and a reason they were not inspected.

"....

"(3) Structural System

"(a) The inspector shall:

"1. inspect:

"(i) the structural components including foundation and framing.

"(ii) by probing a representative number of structural components where deterioration is suspected or where clear indications of possible deterioration exist. Probing is not required when probing would damage any finished surface or where no deterioration is visible.

"2. describe:

"(i) the foundation and report the methods used to inspect the under-floor crawl space.

"(ii) the floor structure.

"...."

Although this Court has not specifically addressed whether expert testimony is required to establish a home inspector's breach of the applicable standard of care, we have required expert testimony in other cases in which a party has alleged that a professional has breached the

applicable standard of care, if the breach would not be obvious to a reasonable person. <u>Riverstone Dev. Co. v. Garrett & Assocs. Appraisals, Inc.</u>, 195 So. 3d 251, 255 (Ala. 2015) (plurality opinion) (explaining that "[t]he general rule in Alabama is that, when negligence is asserted against a professional, a witness also qualified in that profession must present expert testimony establishing both a breach of the standard of care and causation"); <u>Watson, Watson, Rutland/Architects, Inc. v. Montgomery Cnty. Bd. of Educ.</u>, 559 So. 2d 168, 173 (Ala. 1990) (explaining that, "[j]ust as in cases dealing with an alleged breach of a duty by an attorney, a doctor, or any other professional, unless the breach is so obvious that any reasonable person would see it, then expert testimony is necessary in order to establish the alleged breach"); <u>see</u> <u>also</u> <u>Collins Co. v. City of Decatur</u>, 533 So. 2d 1127, 1134 (Ala. 1988)(requiring expert testimony for establishing the standard of care applicable to engineers); and <u>R.L. Reid</u>, 350 So. 2d at 1027 (requiring expert testimony in the context of establishing the standards of care applicable to architects).

This Court's plurality decision in <u>Riverstone</u> reiterated that expert testimony is required when negligence is asserted against a professional.

In <u>Riverstone</u>, the Court affirmed a trial court's judgment as a matter of law entered in favor of the defendants because the plaintiffs had not produced an expert witness to establish that that the defendants had violated the standard of care applicable to licensed real-estate appraisers. Although Alabama courts had not previously held that expert witnesses were required to establish the standard of care applicable to licensed real-estate appraisers, a plurality of the Court in <u>Riverstone</u> was persuaded by <u>Hice v. Lott</u>, 223 P.3d 139, 143-44 (Colo. App. 2009). In <u>Hice</u>, the Colorado court reasoned that, because real-estate appraisers were members of a profession that required specialized knowledge and were licensed and regulated by the state, expert testimony was required to establish a breach of the duty of care owed by an appraiser. The plurality opinion in <u>Riverstone</u> stated, in pertinent part:

> "Real-estate appraisers in Alabama operate in a similar environment -- they are licensed and regulated by the Alabama Real Estate Appraisers Board, which maintains rules and regulations governing the profession and which has the ability to discipline license holders who do not operate in accordance with those rules and regulations. See Rule 780-X-1-.01 et seq., Ala. Admin. Code (Real Estate Appraisers Bd.). We accordingly similarly conclude that real-estate appraisers are engaged in a profession requiring specialized knowledge and skill and that the professional-negligence rule therefore requires expert testimony to establish a licensed real-estate appraiser's breach of the standard of care."

9

195 So. 3d at 255-56.

Home inspectors, like real-estate appraisers, are also required to be licensed, engage in a profession requiring specialized knowledge, and their profession is regulated by the State; thus, they qualify as professionals. See Ala. Admin. Code (State Dep't of Fin.), Chapters 355-17-1 and 355-18-1. Accordingly, as in Riverstone, the LeBlancs were required to present expert testimony to establish the applicable standard of care and Holder's breach of that standard of care.

The LeBlancs did not designate such an expert and offered no expert testimony in opposition to the summary-judgment motion; nor did they establish that the breach was so apparent that it obviated the need for expert testimony. Accordingly, the LeBlancs have not established that the trial court incorrectly entered a summary judgment necessitating reversal.

## Conclusion

Based on the foregoing, we affirm the trial court's summary judgment.

AFFIRMED.

Parker, C.J., and Bryan, Sellers, and Cook, JJ., concur.

Wise, J., recuses herself.